IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALAN D. MEEKINS,

    Plaintiff,                                      Case No.: 3:19-cv-00501

vs.

LAKEVIEW LOAN SERVICING, LLC, et. al.

    Defendants,
_____/

LAKEVIEW LOAN SERVICING, LLC, and
LOANCARE, LLC

    Counterclaimants,

vs.

ALAN D. MEEKINS, an individual, residing at
200 Meadows Court, Culpeper, Virginia 22701,
and

SITCOMM ARBITRATION ASSOCIATION,
a Wyoming corporation, with a principal office at
1001 South White Oak Road, White Oak,
Texas 75693,

    Counterclaim Defendants.
_____/

**COUNTERCLAIM FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

        Counterclaimants Lakeview Loan Servicing, LLC ("Lakeview") and LoanCare, LLC ("LoanCare") (collectively, "Counterclaimants"), by undersigned counsel, assert counterclaims for declaratory judgment and injunctive relief against Counterclaim Defendants Alan D. Meekins ("Meekins") and Sitcomm Arbitration Association ("SAA") (collectively, the "Counterclaim Defendants").

## PARTIES

1. Counterclaimant Lakeview Loan Servicing, LLC is a Delaware limited liability company that maintains its principal place of business in Coral Gables, Florida.

2. Counterclaimant LoanCare, LLC is a Delaware limited liability company that maintains its principal place of business in Virginia Beach, Virginia.

3. Counterclaim Defendant Alan D. Meekins is an individual residing in the Commonwealth of Virginia.

4. Counterclaim Defendant Sitcomm Arbitration Association is a Wyoming corporation that maintains its principal place of business in White Oak, Texas.

5. Joinder of SAA as Counterclaim Defendant is proper because rights to relief are asserted against the Counterclaim Defendants jointly and severally with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and because questions of law or fact common to all Counterclaim Defendants will arise in this action.

## JURISDICTION AND VENUE

6. This Complaint seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the relief sought in Meekins' Petition is governed by the Federal Arbitration Act (the "FAA"). 9 U.S.C. §§ 1-307.

8. This Court has specific jurisdiction over Counterclaim Defendant SAA as it conspired with and conducted the subject arbitration proceeding on behalf of Counterclaim Defendant Meekins, who resides in the Commonwealth of Virginia, the claims sought to be arbitrated by the SAA arose out of a mortgage loan with respect to Meekins' real property located

in the Commonwealth of Virginia, and the subject Arbitration Award (defined below) rendered by the SAA sought to effect the validity and amount of the mortgage on Meekins' real property located in the Commonwealth of Virginia.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and/or (c).

## GENERAL ALLEGATIONS

### I. Meekins' Relationship with the Counterclaimants

10. On or about June 13, 2017, Meekins obtained a loan in the amount of $359,900.00 (the "Note") from Embrace Home Loans, Inc. ("Embrace").[1]

11. To secure the Note, Meekins executed a deed of trust in favor of Embrace and secured by the real property located at 200 Meadows Court, Culpeper, VA 22701 (the "Deed of Trust") (the Note and the Deed of Trust reflect the "Loan" to Meekins, and collectively, are referred to as the "Loan Documents").[2]

12. On or about October 3, 2017, the subservicing of the Note was transferred to Lakeview as servicer of the Note and LoanCare as subservicer of the Note.

13. Neither the Note nor the Deed of Trust includes a provision obligating the parties to submit to arbitration for issues related thereto.

14. Counterclaimants are not aware of any arbitration agreement existing between Meekins and them.

### II. Meekins' Default Under the Loan

15. At some point in time, Meekins defaulted under the terms of the Note and Deed of Trust.

---

[1] A true and accurate copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

[2] A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

16. Consequently, LoanCare sent notices to Meekins regarding his delinquent payments in March, April, and June 2019.

17. As of the filing of this Counterclaim, the Note is currently due and owing for June 1, 2019.

### III. Meekins' Initiation of the Sham Arbitration

18. In March 2018, Lakeview received from Meekins a document entitled "Tender of Payment Offering," which included a document appearing to assert that the United States Government had an obligation to remit the sum of $431,700.00 to Lakeview on Meekins' behalf.[3]

19. On February 25, 2019, Lakeview received a purported Notice of Default from Meekins (the "Notice of Default") asserting that Lakeview was a party to an unidentified contract under which it was allegedly in default.[4]

20. In the Notice of Default, Meekins further alleges that if Lakeview did not provide proof of response to the unidentified contract he would seek judgment through arbitration.

21. Because Meekins failed to identify specifically under what contract Lakeview was allegedly in default, Lakeview did not respond to the Notice of Default.

22. On or about May 22, 2019, Lakeview received notice (the "Arbitration Notice") that Meekins had commenced a purported arbitration action with the SAA against the Counterclaimants (the "SAA Action").[5]

---

[3] A true and accurate copy of the Tender of Payment Offering is attached hereto as **Exhibit 3** and incorporated herein by reference.

[4] A true and accurate copy of the Notice of Default is attached hereto as **Exhibit 4** and incorporated herein by reference.

[5] A true and accurate copy of the Arbitration Notice is attached hereto as **Exhibit 5** and incorporated herein by reference.

23. In response to the Arbitration Notice, on May 23, 2019, Lakeview, through their undersigned counsel, wrote Meekins and SAA[6] requesting that they cease and desist their fabricated and fraudulent arbitration proceeding directed at it.[7]

24. On or about May 29, 2019, Meekins wrote Lakeview, contending that he had "the right to petition [his] mortgage servicer(s) in answering the specificities that were asked."[8]

25. The Counterclaimants received no further communication from Meekins until the commencement of the above-captioned matter in this Court.

IV. **SAA Issues a Fraudulent and Fabricated Arbitration Award**

26. The Counterclaimants never received notice of entry of an arbitration award until Meekins filed his Petition seeking confirmation of the alleged arbitration award with this Court.

---

[6] Counterclaimants and their counsel had never heard of the SAA. Counterclaimants challenge whether the SAA is truly a legitimate alternative dispute resolution forum. *See* https://saalimited.com/index.html ("As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship." Moreover, the SAA asserts:

> The arbitrator is Deemed to have the power of a Superior Court, whose decisions and/or rulings are not appealable and/or reviewable. The SITCOM ARBITRATION ASSOCIATION is aware that it is difficult for people to trust their neighbor, to trust a process because the corporate government officials have by their failure deceived and defrauded the sovereign people of the states of the United States of America, as has been placed on the official record by the New Hampshire state government, inclusive of the governor, i.e. the executive branch, the Supreme Court justice i.e. the judiciall [sic] branch, and the general court i.e. the state legislature. And the various other courts who have documented that this type of deception cannot be condoned. The SITCOMM ARBITRATION ASSOCIATION stands watchful, and vials [sic] to not repeat the same type of deception, the same type of fraud, in fact they shall not engage in fraud, and/or deception of any kind, and any challenge to their acts, and/or actions, and/or integrity may only be via arbitration, through the SITCOMM ARBITRATION ASSOCIATION, via their arbitration board, and no other venue and/or Avenue.

*See* https://saalimited.com/More%20about%20us.html.

[7] A true and accurate copy of the letter is attached hereto as **Exhibit 6** and incorporated herein by reference.

[8] A true and accurate copy of the letter is attached hereto as **Exhibit 7** and incorporated herein by reference.

5

27. The Final Arbitration Award attached to Meekins' Petition (the "Award") alleges that Meekins submitted an application and dispute resolution complaint on May 18, 2019, to Sandra Goulette ("Arbitrator"). *See* Petition, Ex. A, ¶ 2.

28. The Petition does not include a copy of the referenced application and dispute resolution complaint.

29. The Award references a "written, self-executing, binding, irrevocable, contractual agreement" allegedly executed by Meekins and the Counterclaimants on or about February 12, 2019. *Id.* at ¶ 17.

30. The Award further alleges that "[t]he contract clearly expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration." *Id.* at ¶ 7.

31. The Petition does not include a copy of the referenced contract that contains such an arbitration provision.

32. The Arbitrator purportedly awarded the Plaintiff $1,079,700.00 from the Respondents identified in the Petition.

33. Plaintiff now seeks relief in this Court to confirm the fraudulent and fabricated Award under the FAA.

34. Counterclaimants never agreed with Meekins to alternative dispute resolution, including dispute resolution before the SAA.

35. Counterclaimants have written Meekins and the SAA indicating that they have never agreed to arbitrate before the SAA and, consequently, that the SAA has no jurisdiction over the Counterclaimants or the power or authority to adjudicate any controversy between the parties.

36. Notwithstanding Meekins' and the SAA's awareness (a) that no arbitration agreement exists between the parties and (b) that the Counterclaimants have not consented to arbitration before the SAA, Meekins and the SAA continue to seek to invoke the SAA's non-existent jurisdiction and obtain confirmation of the fraudulent and fabricated Award against them.

37. The SAA's activities described above are not isolated – the same pattern has occurred with respect to two other loans serviced by Lakeview.

38. In May 2019, Lakeview received a purported Notice of Arbitration Hearing initiated by Melania Tarhuni ("Tarhuni") against Lakeview with the SAA (the "Tarhuni SAA Notice").[9]

39. On May 18, 2019, after Lakeview, through its undersigned counsel, sent a cease and desist letter to the SAA and Tarhuni, the SAA entered a bogus arbitration award in favor of Tarhuni against Lakeview and LoanCare, and now Tarhuni is seeking to enforce that arbitration award in the Superior Court of California, County of San Bernardino, Case No. CIV-190731-CIV-DS1922593.

40. Following the same approach, evidently in January 2019, Kyle John Eliker ("Eliker") initiated a purported action against Lakeview with the SAA, .

41. On March 5, 2019, the SAA entered a bogus arbitration award in favor of Eliker against Lakeview for $3,260,853.24.[10] In response thereto, Lakeview sent Eliker and the SAA a cease and desist letter.

42. All three borrowers, Meekins, Tarhuni, and Eliker, through the SAA, have followed the same protocol provided by the SAA website, including the forms provided therein (*see*

---

[9] A true and accurate copy of the Tarhuni SAA Notice is attached hereto as **Exhibit 8** and incorporated herein by reference.

[10] A true and accurate copy of the award is attached hereto as **Exhibit 9** and incorporated herein by reference.

https://saalimited.com/PDFS/), and have failed and refused to heed Lakeview's cease and desist letters.

43. All three arbitration awards use almost identical language and rely on the same incoherent legal jargon and fabricated factual assertions.

44. Meekins and the SAA's campaign of harassment against the Counterclaimants, including obtaining and enforcing the fraudulent and fabricated Award, is damaging the Counterclaimants by, *inter alia*, requiring them to incur legal fees responding to Meekins' scam Petition and defending their own legal interests.

45. There is a bona fide, actual, present, and practical need for a declaratory judgment because Meekins' campaign of harassment is causing the Counterclaimants harm as described above.

46. This request for a declaratory judgment deals with a present, ascertained or ascertainable state of facts or a present controversy as to the facts described herein.

47. Meekins and the SAA have incited an actual controversy by attempting to confirm and enforce the fraudulent and fabricated Award, thereby perpetuating the SAA's blatantly fraudulent scheme of issuing fictitious arbitration awards and causing Counterclaimants actual and ongoing irreparable harm.

48. Both Meekins and the SAA are attempting to commit a fraud on this Court and should be permanently enjoined from further perpetuating their fraudulent scheme.

49. Counterclaimants have inadequate remedies at law to compensate for their injuries, and a remedy in equity is warranted.

50. The public interest will not be disserved by a permanent injunction enjoining both Meekins and the SAA from continuing their abusive tactics against the Counterclaimants and from perpetuating their fraudulent scheme on this Court.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court:

a. enter a Final Declaratory Judgment determining that Meekins (i) is entitled to no relief as set forth in his Petition, (ii) has not obtained a valid and legally enforceable arbitration award against Counterclaimants, and (iii) cannot enforce the Award against the Counterclaimants;

b. declare null, void, and of no legal effect the Award;

c. permanently enjoin Meekins, along with his agents, servants, employees and attorneys from (i) pursuing the relief sought in the Petition and (ii) attempting to confirm and/or enforce the Award against Counterclaimants;

d. permanently enjoin the SAA, along with its arbitrators, agents, servants, employees and attorneys from (i) seeking to invoke jurisdiction over Counterclaimants, (ii) commencing or continuing any arbitration proceeding against Counterclaimants, and (iii) entering or seeking to enforce against Counterclaimants the Award or any arbitration award entered by the SAA;

e. retain jurisdiction of this matter for the purpose of enforcing this Court's declaratory judgment and injunction; and

f. award such further relief as it deems just and proper.

Dated: August 19, 2019.	Respectfully submitted,

**NELSON MULLINS RILEY& SCARBOROUGH LLP**

/s/ Philip M. Busman
Philip M. Busman (VA Bar No. 45239)
phil.busman@nelsonmullins.com
101 Constitution Avenue NW, Suite 900
Washington DC 20001
Tel: (202) 689-2800
Fax: (202) 689-2860

and

Gary M. Freedman (Admitted *Pro Hac Vice*)
gary.freedman@nelsonmullins.com
2 South Biscayne Boulevard, 21st Floor
Miami, FL 33131
Tel: (305) 373-9400
Fax: (305) 995-6416

*Counsel to Lakeview Loan Servicing, LLC and LoanCare, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2019, a copy of the foregoing was served via the CM/ECF list maintained by the Court in this matter, and a copy was served via First Class U.S. Mail upon the parties listed below:

Alan D. Meekins
200 Meadows Court
Culpeper, VA 22701

Embrace Home Loans, Inc.
c/o CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Namrata Loomba
1825 Eye Street NW
Washington, DC 20001
*Counsel to Respondent RoundPoint Mortgage Servicing Corporation*

Sitcomm Arbitration Association
c/o Wyoming Registered Agent
1621 Central Avenue
Cheyenne, WY 82001

                                                  /s/ Philip M. Busman
                                                  Philip M. Busman